GREGORIO JUSINO VELÁZQUEZ, Appellant, v. REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 1009. Submitted November 1, 1937.—Decided December 16, 1937.

*Negrón López & Negrón López* and *Luis López de Victoria* for appellant. The registrar appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

In an instrument of partition certain properties were awarded to one of the distributees for the payment of debts. There were forty-two creditors with claims ranging from $1.42 to $2,500. The total indebtedness amounted to some $17,292.70. A purchaser of one of these properties more than five years after record thereof in the name of his vendor, the distributee above mentioned, requested a cancellation of the reference to the obligations assumed by the distributee. The registrar refused to comply with this request.

Section 388 (*a*) of the Mortgage Law as originally enacted (Special Session Laws 1923, 36) authorized the cancellation of "mentions of mortgages, annuities (*censos*) and of other rights covering the payment of money or deferred payment of the price of purchase and sale of real property" after twenty years, unless the right mentioned should have been recorded or notice of *lis pendens* filed within a specified time. An amendment of 1924 (Act No. 12, Special Session Laws, 108) without substantial change of the previous enactment concerning mortgages, deferred payments and annuities (*censos*) provided:

"That on written request of a party or his representative, authenticated before a notary, said registrars of property shall also cancel in the respective registers such other mentions of rights for the payment of money as do not refer to the deferred payment of the purchase and sale of real property, provided no term is fixed or no indication is made in the title causing the mention that a lien is constituted on said real property, if over five years have elapsed."

In 1936 (Act No. 19, Third Special Session Laws, 148) the article was again amended so as to authorize the cancellation of:

"(*a*) Any mentions of property rights recorded in the old or modern books of the registry, if more than ten (10) years have elapsed since the respective mention was made, when the interested

party, within the term of six (6) months from the date on which this Act takes effect, has not requested the entry of the mentioned right or has not brought judicial action to claim his right and entered such claim in the registry.

"Any such mentions of obligations for the payment of money and for deferred payments of the price of purchase and sale of real property, whether or not a term has been fixed for complying with the mentioned obligation, as appear in the old or modern books of the registry, if more than (5) years have elapsed since the respective mention was made, when the interested party, within the term of six (6) months from the date on which this Act takes effect, has not brought judicial action to claim his right and entered such claim in the registry."

Section 36 of the Mortgage Law provides that:

"Rescissory and resolutory actions shall not lie against third persons who have recorded the deeds of their respective interests in accordance with the provisions of this law."

Subdivision 1 of Section 37 exempts from the operation of this rule "Rescissory and resolutory actions which owe their origin to causes which specifically appear in the registry." Section 23 reads in part as follows:

"In the award of specific real property in an inheritance or general assignment to a participant, to a creditor or to a stranger with the obligation of applying its value to the payment of debts or charges against such inheritance or assignment, the condition under which the property is allotted shall be stated when recorded in the name of the person to whom the property has been awarded, and it shall have the effect which this law establishes in subdivision 1 of Section 37.

"The remaining property of the inheritance or general assignment shall by this act be relieved of all liability, although only to the prejudice of third persons, notwithstanding the fact that the debts of the inheritance or general assignment appear in the records thereof. When no specific property is allotted for the payment of debts, all the property of the inheritance or general assignment shall stand relieved of all liability to the prejudice of third persons, even when the registry shows the existence of the debts."

The effect of Section 23 is to render the allotted property, as well as the allottee and his successor in interest,

liable for a breach of the resolutory condition of the allotment. The resolutory condition is made a charge upon the land. It runs with the land. It is not extinguished by the subsequent conveyance nor by the death of the allottee. It is a real property right. See 2 Escriche 669; 18 C. J. 786, notes 14–15.

The fact that the legislature singled out and specifically included among those mentions which may be cancelled after the lapse of five years, the mention of deferred payments does not militate against but, on the principle of *expressio-unius est exclusio alterius,* tends to strengthen the foregoing conclusion. It follows, of course, that the mention in the instant case is one of those which may be cancelled only after the lapse of ten years. It follows also that the cases of *Quiñones* v. *Registrar,* 39 P.R.R. 751; *Pagán* v. *Registrar of San Germán,* 40 P.R.R. 470, and *Alequín* v. *Registrar of Mayagüez,* 47 P.R.R. 778, all of which were decided prior to the amendment of 1936, are not in point. The question now before us was not involved nor decided in *Alejandro* v. *Registrar of San Juan,* 50 P.R.R. 633 and *Olivero* v. *Registrar of San Juan,* 50 P.R.R. 637.

The ruling appealed from will be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.